IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YASHANDA SCRUGGS<br><br>    13704 Course View Way<br>    Woodbridge, VA 22191<br><br>        Plaintiff,<br><br>v.<br><br>JOHNS HOPKINS UNIVERSITY<br><br>    **SERVE:**   CT Corporation System<br>                       1015 15th St NW, Suite 1000<br>                       Washington D.C. 2005<br><br>        Defendant. | Case No. _____ |

## **COMPLAINT**

COMES NOW the Plaintiff, Yashanda Scruggs, PhD ("Plaintiff" or "Dr. Scruggs"), by and through her undersigned counsel, Broderick C. Dunn, Esq., and the law firm of Cook Craig and Francuzenko, PLLC, and in support of her Complaint against the Defendant, Johns Hopkins University ("Defendant" or "JHU"), states as follows:

### **JURISDICTION AND VENUE**

1. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Americans with Disabilities Act ("ADA").

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b)(1) because Defendant resides in the District of Columbia.

1

## PARTIES

3. Dr. Scruggs is an over forty (40) African American female. Dr. Scruggs has also been diagnosed with a seizure disorder and depressive disorder. Both disorders substantially limit major life activities for her and, as such, qualify as disabilities under the ADA and its amendments. Plaintiff resides in the Commonwealth of Virginia.

4. Defendant is a private, research university with its primary campus located in Baltimore, Maryland. The Johns Hopkins Krieger School of Arts & Sciences, where Plaintiff was employed, is located in Washington D.C.

## FACTUAL BACKGROUND

5. Dr. Scruggs earned her Doctor of Philosophy from the University of Oklahoma in Adult and Higher Education.

6. Dr. Scruggs began working for Defendant as its Director of Student Success, Advanced Academic Programs in March of 2021 for the Krieger School of Arts and Sciences.

7. Dr. Scruggs' performance as Director of Student Success exceeded the University's legitimate expectations, as evidenced by her superior performance and exemplary feedback from students and colleagues.

8. When Dr. Scruggs began working for Defendant, her position was remote due to the COVID-19 pandemic.

9. On or about July 12, 2021, Defendant informed Dr. Scruggs that her position would no longer be remote and that she would need to return to in-person work beginning in August.

10. On July 13, 2021, Dr. Scruggs submitted a request for reasonable accommodations to Defendant. Dr. Scruggs requested to continue working remotely for the foreseeable future due to the fact that her seizure condition prevented her from driving and taking public transportation

gave her anxiety, which exacerbate her seizure condition. Dr. Scruggs provided the University with documentation from her physician supporting her request.

11. The next day, on July 14, 2021, Dr. Scruggs informed her supervisor, Veronica Donahue ("Ms. Donahue") that she had requested accommodations. Ms. Donahue was not receptive to Dr. Scruggs' request. Dr. Scruggs attempted to explain that this would be a short-term request, but Ms. Donahue emphasized that she wanted Dr. Scruggs to work on-campus.

12. On July 26, 2021, Defendant informed Dr. Scruggs that JHU's expectation was that her position would be onsite five (5) days a week. Defendant's expectation was unreasonable given the fact that most students, including the ones working directly with Plaintiff, were virtual. Dr. Scruggs did not need to be sitting in her office at JHU just to meet with these students via ZOOM.

13. After Dr. Scruggs engaged in protected activity by requesting reasonable accommodations, Defendant began retaliating against her almost immediately.

14. Dr. Scruggs planned a virtual New Student Orientation ("NSO"). The University knew for weeks that the NSO would be virtual; however, on July 28, 2021, days after Dr. Scruggs was informed that she was expected to return to campus, Ms. Donahue began questioning the event.

15. Ms. Donahue's sudden delay in wanting to move forward with a virtual NSO caused messaging by the University's marketing team to be delayed. Ms. Donahue's feigned surprise over the event and the delay of its advertising imperiled Dr. Scruggs' vacation, which Ms. Donahue had known about since Dr. Scruggs' date of hire.

16. On August 18, 2021, Ms. Donahue emailed Dr. Scruggs to tell her that there were typographical errors in her NSO presentation slide deck. However, she refused to point out where such errors were occurring.

17. Dr. Scruggs and Ms. Donahue's assistant were forced to review the entire presentation. No errors were found.

18. On August 27, 2021, Ms. Donahue gave Dr. Scruggs a 7-minute warning that she wanted to have a meeting.

19. During the meeting, Ms. Donahue berated Dr. Scruggs over an email she had sent her. Ms. Donahue questioned Dr. Scruggs' experience and professionalism, criticized her word choice, and used an aggressive tone in an attempt to escalate the conversation.

20. Ms. Donahue is a white woman who did not speak to her white colleagues in such a demeaning manner.

21. On September 3, 2021, several weeks after Dr. Scruggs engaged in protected activity, Ms. Donahue met with Dr. Scruggs and gave Plaintiff notice of "significant" performance issues. In this notice, Ms. Donahue informed Dr. Scruggs that her job duties were being significantly reduced and removed much of Dr. Scruggs' management responsibilities.

22. Ms. Donahue also informed Dr. Scruggs that she would have a new supervisor, David Brant, ("Mr. Brant"), who is a white man.

23. September 3, 2021 was the first time that anyone at JHU had expressed dissatisfaction with Dr. Scruggs' performance.

24. Other similarly situated JHU employees would be given progressive counselling to inform the employees of the areas of deficient performance and give them an opportunity to improve, prior to any drastic changes to their employment or demotions.

25. On September 4, 2021, due in part to stress stemming from Plaintiff's September 3, 2021 meeting with Ms. Donahue, Plaintiff suffered a seizure.

26. On September 8, 2021, Dr. Scruggs engaged in protected activity again when she submitted an internal discrimination and harassment complaint with Defendant's Office of Institutional Equity.

27. On September 15, 2021, Dr. Scruggs submitted another request to extend her reasonable accommodation based on the seizure she had experienced on September 4, 2021.

28. On October 4, 2021, the University denied Dr. Scruggs' latest request for a reasonable accommodation, despite granting other requests for reasonable accommodations by non-black, non-female employees.

29. On or about November 18, 2021, the University terminated Dr. Scruggs' employment, based on her race, gender, and disability, and in retaliation for her requests for reasonable accommodations.

30. As a result of Defendant's actions, Plaintiff has been damaged including lost wages, reputational harm, and emotional damages.

31. Dr. Scruggs filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 23, 2021.

32. On April 11, 2023, the EEOC notified Plaintiff of her right to file a civil action within ninety (90) days.

33. Accordingly, Plaintiff has exhausted her administrative remedies.

## COUNT I
### Discrimination Under ADA

34. Plaintiff restates the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Plaintiff's seizure disorder and depressive disorder constitute disabilities under the ADA.

36. Defendant had actual and constructive knowledge of Plaintiff's disability as a result of her requests for accommodations on July 13, 2021 and on September 15, 2021.

37. Defendant terminated Plaintiff's employment on November 18, 2021.

38. Plaintiff performed the job at a level that met Defendant's legitimate expectations at the time of her termination.

39. Plaintiff's termination occurred under circumstances that raise a reasonable inference of discrimination as evidenced by the fact that Defendant began retaliating against Plaintiff days after she sought reasonable accommodations for her disability.

40. As a result of Defendant's actions, Plaintiff has been damaged.

## COUNT II
### Retaliation Under ADA

41. Plaintiff restates the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

42. Plaintiff's seizure disorder and depression disorder constitute disabilities under the ADA.

43. Defendant had actual and constructive knowledge of Plaintiff's disability as a result of her requests for accommodations on July 13, 2021 and on September 15, 2021.

44. Defendant retaliated against Plaintiff for requesting reasonable accommodations by terminating her employment.

45. As a result of Defendant's actions, Plaintiff has been damaged.

## COUNT III
### Failure to Accommodate Under ADA

46. Plaintiff restates the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

47. Plaintiff's seizure disorder and depression disorder constitute disabilities under the ADA.

48. Defendant had actual and constructive knowledge of Plaintiff's disability as a result of her requests for accommodations on July 13, 2021 and on September 15, 2021.

49. Defendant did not interactively engage in the accommodation process after Plaintiff's September 15, 2021 request for accommodations and failed to provide Plaintiff with reasonable accommodations.

50. As a result of Defendant's failure to accommodate, Plaintiff has been damaged.

## COUNT IV
### Race Discrimination Under Title VII

51. Plaintiff restates the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

52. As an African American female, Plaintiff is a member of a protected class.

53. Plaintiff demonstrated her satisfactory job performance by the fact that she received exemplary feedback from students and colleagues.

54. Defendant took an adverse employment action when it terminated Plaintiff's employment on November 18, 2021.

55. Ms. Donahue treated similarly situated employees differently, as evidenced by her failure to subject them to the same scrutiny she subjected Plaintiff to.

56. As a result of Defendant's actions, Plaintiff has been damaged.

## COUNT V
## Gender Discrimination Under Title VII

57. Plaintiff restates the allegations contained in paragraphs 1-33 of the Complaint as if fully set forth herein.

58. As an African American female, Plaintiff is a member of a protected class.

59. Plaintiff demonstrated her satisfactory job performance by the fact that she received exemplary feedback from students and colleagues.

60. Defendant took an adverse employment action when it terminated Plaintiff's employment on November 18, 2021.

61. Ms. Donahue treated similarly situated employees differently, as evidenced by her failure to subject them to the same scrutiny she subjected Plaintiff to.

62. As a result of Defendant's actions, Plaintiff has been damaged.

WHEREFORE, the plaintiff, Dr. Yashanda Scruggs, respectfully request that this Court grant her judgment against Defendant as follows:

(a) For Count I, past and future lost wages in the amount of $1,000,000, punitive damages in the amount of $300,000, and compensatory damages in the amount of $300,000;

(b) For Count II, past and future lost wages in the amount of $1,000,000, punitive damages in the amount of $300,000, and compensatory damages in the amount of $300,000;

(c) For Count III, past and future lost wages in the amount of $1,000,000, punitive damages in the amount of $300,000, and compensatory damages in the amount of $300,000;

(d) For Count IV, past and future lost wages in the amount of $1,000,000, punitive

damages in the amount of $300,000, and compensatory damages in the amount of $300,000;

(e) For Count V, past and future lost wages in the amount of $1,000,000, punitive damages in the amount of $300,000, and compensatory damages in the amount of $300,000;

(f) Plaintiff's attorneys' fees as provided by Title VII and the ADA; and

(g) Pre-judgment interest, post-judgment interest, and all further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DR. YASHANDA SCRUGGS
By Counsel

/s/   *Broderick C. Dunn*
Broderick C. Dunn, #VA 74847
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(703) 865-7480 Phone
(703) 434-3510 Fax
bdunn@cookcraig.com
*Counsel for Plaintiff*